UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPHINE HEILOO,
                      Plaintiff,

-v-

FRUITCO CORPORATION *et al.*,
                      Defendants.

18-CV-1917 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

      On July 23, 2019, the parties to this Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and breach of contract case submitted a proposed settlement agreement to the Court for approval, as required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d. Cir. 2015). (Dkt. No. 33.) On July 30, 2019, this Court ordered the parties to show cause why the Court should approve the settlement. (Dkt. No. 34.) On August 30, 2019, the parties submitted an application for approval of the proposed settlement, containing a joint motion (Dkt. No. 37) ("Jt. Mtn."); the proposed agreement, identical to the initial submission (Dkt. No. 37-3.) ("Settlement"); a declaration by Heiloo's counsel (Dkt. No. 37-2) ("Decl."); and Heiloo's counsel's billing records (Dkt. No. 37-4.) For the reasons that follow, the Court is unable to approve the settlement agreement.

**I.    Background**

      On March 2, 2018, Plaintiff Josephine Heiloo initiated this action against Defendants Fruitco Corporation, a grocery store, and up to ten John Does, alleging that Fruitco had failed to pay her overtime wages and an agreed-upon bonus during her employment as a bookkeeper with Fruitco from approximately 1982 to 2016. (Compl. ¶¶ 2–3, 16.) The matter was referred to Magistrate Judge Netburn for the purposes of settlement, and the parties engaged in "substantial

1

discovery" and negotiations, including a six-hour mediation session with an outside mediator. (Jt. Mtn. at 1.)

In June, the parties notified the Court that they had reached a settlement agreement, which they filed on July 23. (Dkt. No. 33.) The Settlement requires Fruitco to pay Heiloo $175,000 in total. (Settlement at 1.) It contains no breakdown as to how the settlement amount is to be divided, but Heiloo's counsel has averred that they will receive $54,856 in attorneys' fees and $9,587.88 in costs. (Decl. ¶ 11.) The Settlement also contains a general release of all claims Heiloo "had, now has or may have" against Defendant Fruitco Corp (hereinafter "Fruitco"), as well as a confidentiality provision barring disclosure of the settlement's terms and the underlying action. (Dkt. No. 33-1 at 2, 4-5.) Both of these provisions were unaltered following the Court's July 30 order, which indicated that the Court was unlikely to approve a settlement containing them. (Dkt. No. 34 at 2.)

**II. Legal Standard**

"[T]he FLSA's primary remedial purpose [is] to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees." *Cheeks*, 796 F. 3d at 207. Thus, "a settlement in a FLSA case must be approved by a court or the Department of Labor." *Hyun v. Ippudo USA Holdings*, No. 14 Civ. 8706, 2016 WL 1222347, at *1 (S.D.N.Y. Mar. 24, 2016). For approval, the Court must determine that the settlement is "fair and reasonable." *Cortes v. New Creators Inc.*, No. 15 Civ. 5680, 2016 WL 3455383, at *2 (S.D.N.Y. June 20, 2016).

> In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to . . .: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement wil enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's

length bargaining between experienced counsel; and (5) the possibility of fraud or collusion."

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

## III. Discussion

The Settlement's general release provision is too broad and the confidentiality provision too restrictive to be "fair and reasonable," as interpreted by courts in this district. Thus, the Court rejects the agreement.

### A. Release Provisions

The Settlement contains two release provisions: a "Specific Release" where Heiloo agrees to release Fruitco from "all rights and claims" under a host of federal, state, and local employment laws, including the FLSA and NYLL, but also over a dozen others. (Dkt. No. 33-1 at 3). The second is a "General Release" where Heiloo "releases and forever discharges" Fruitco and its

> principals, affiliates, divisions, subsidiaries . . . and their respective predecessors, successors and assigns, along with their respective former and present directors, officers, employees . . . and their heirs any and all claims . . . or rights of action of any nature whatsoever, whether known or unknown, which she had, now has or may have . . . from the beginning of time to and including the Effective Date.

(*Id.* at 2.) This General Release is mutual, with identical language for any claims that Fruitco may have against Heiloo. (*Id.* at 3–4.)

While courts in this district have occasionally approved broad general releases as long as they are genuinely mutual, *see, e.g.*, *Souza v. 65 St. Marks Bistro*, No. 15 Civ. 327, 2015 WL 7271747, at *5–7 (S.D.N.Y. 2015), the Court's "obligation to police unequal bargaining power between employees and employers" points against the approval of this particular release. *Lopez*

3

*v. Nights of Cabiria, LLC*, 96 F Supp. 3d 170, 181 (S.D.N.Y 2015). "[D]espite the formal reciprocity of such releases, their practical effect in some cases may be lopsided because they may stand to benefit only the employer defendant, who realistically may be less likely than the employee plaintiff to have latent claims against its adversary." *Bukhari v. Senior*, No. 16 Civ. 9249, 2018 WL 559153, at *2 (S.D.N.Y Jan. 23, 2018). This is one such case. Defendants' vague assertions of potential claims against Heiloo lack legal basis or evidentiary support. The mutuality of the General Release provision is thus entirely illusory. Employers cannot "us[e] FLSA settlements to erase all liability whatsoever in exchange for partial payment of wages allegedly required by statue." *Lopez*, 96 F. Supp. 3d at 181; *see also Camacho v. Ess-a-Bagel*, No. 14 Civ. 2592, 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014). This Court, like many others in this district, will not approve a settlement agreement requiring the Plaintiff to release claims unrelated to wage and hour issues in an FLSA settlement. *See, e.g.*, *Villanueva v. 179 Third Ave. Rest., Inc.*, No. 16 Civ. 8782, 2018 WL 3392870, at *2–3 (S.D.N.Y. July 12, 2018); *Mobley v. Five Gems Mgmt. Corp.*, No. 17 Civ. 9448, 2018 WL 1684343, at *6 (S.D.N.Y. Jan 23, 2018); *Metwali v. APV Valet Parking Corp.*, No. 16 Civ. 2440, 2017 WL 4326054, at *1 (S.D.N.Y. Sept. 13, 2017).

   **B.   Confidentiality Provision**

Secondly, the Settlement contains a confidentiality provision generally forbidding the parties from disclosing the terms of the agreement and specifically forbidding Heiloo, her spouse or her tax advisor from "discuss[ing] the basis for the action with any current or former employee(s) of the Company." The provision also entitles either party to "injunctive and monetary relief" if the other breaches this term. (Dkt. 33-1 at 4–5.) As the Court pointed out in our July 30 order, and as the parties have since conceded, this term is largely moot as the Settlement and all other relevant documents, including the Complaint that stated the basis for the

4

action, were filed on the public docket. (Jt. Mtn. at 11). Nonetheless, such a provision "is contrary to well-established public policy" and the Court cannot approve an agreement that contains it. *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016); *see also Souza*, 2015 WL 7271747 at *4 (collecting cases); *accord Thallapaka v. Sheridan Hotel Assocs. LLC*, No. 15 Civ. 132, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) ("[T]he overwhelming majority of courts reject the proposition that FLSA settlements can be confidential."). As *Souza* explains, confidentiality provisions "that impose an obligation on a settling plaintiff to refrain from discussing any aspect of the case or the settlement 'come into conflict with Congress' intent . . . both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace.'" *Souza*, 2015 WL 7271747 at *4 (quoting *Camacho*, 2014 WL 6985633 at *3).

This concern is amplified when the provision in question specifically forbids Heiloo from discussing her case with current or former employees. These other employees may potentially have been subject to FLSA violations by Fruitco and have a right to seek a remedy for them. Gagging Heiloo could prevent these employees from learning of their rights under the FLSA and attempting to enforce them. *See Lopez*, 96 F. Supp. 3d at 179 ("[T]he public filing of the settlement in this case, standing alone, is unlikely to benefit low-wage workers [whom the FLSA seeks to protect] . . . For these reasons, a nondisclosure agreement in an FLSA settlement, even when the settlement papers are publicly available on the Court's docket . . . inhibits one of the FLSA's primary goals — to ensure that all workers are aware of their rights." (internal citations and quotation marks omitted)).

C. **Attorney's Fees and Costs**

Since the Settlement fails on both the release and confidentiality provisions, the Court need not reach the issue of attorneys' fees awarded under the agreement. But there are issues

with the fee amount that the parties are advised to address in their Revised Agreement. The Joint Motion and Declaration by Heiloo's counsel state that the total amount fees and costs awarded to Heiloo's counsel has been revised from 40% of the total settlement amount, or $70,000, to approximately 37% of the total, or $64,443.88, of which $54,856, or 33%, are attorney's fees and $9,587.88 are costs.

While 33% fee awards are routinely approved for FLSA settlements, the Court is obliged to independently ascertain the reasonableness of the fee award using documents such as billing records and records of expenses. *See Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302, 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019); *Martinez v. Gulluoglu LLC*, 2016 U.S. Dist. LEXIS 18273, at *8 (S.D.N.Y. Feb. 11, 2016) (collecting cases). There has been no documentation submitted regarding Ms. Kalmanson's "skill, experience and reputation" to substantiate her extraordinarily high hourly rate, nor any documentation substantiating Heiloo's counsel's costs. Without these records, it is impossible to determine the reasonableness of the fee award. The Court also notes that Mr. Martindale-Jarvis' hourly rate, as well as those of the paralegals in this case, substantially exceed rates awarded in this district to attorneys and paralegals of similar experience. *See Martinez*, 2016 WL 18273 at *8–9 (requiring documentation as to costs and awarding $300 per hour to counsel with over ten years' experience who routinely litigates FLSA cases and $75 per hour to paralegals); *Lazo*, 2019 WL 95638 at *2 (reviewing costs reimbursed to counsel and awarding $400 per hour to managing partner of firm frequently litigating FLSA cases and $275 per hour to associates with approximately 5 years of experience).

## IV.    Conclusion

For the foregoing reasons, the joint motion for settlement approval is DENIED. The parties may file a revised agreement consistent with this opinion by November 22, 2019.

The Clerk of Court is directed to close the motion at Docket Number 37.

SO ORDERED.

Dated: October 25, 2019
       New York, New York

_____
J. PAUL OETKEN
United States District Judge